SAVANNAH, GRIFFIN AND NORTH ALABAMA RAILROAD COMPANY, plaintiff in error, *vs.* GEORGE & HARTNETT, defendants in error.

1. Though the evidence be conflicting, if it is sufficient to support the verdict, this court will not control the discretion of the court below in refusing a new trial on the ground that the verdict was contrary to the law and evidence.

2. Newly discovered evidence which might have been produced at the trial by the exercise of proper diligence, is no ground for new trial.

Evidence. New trial. Before Judge HALL. Spalding Superior Court. February Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case:

Evidence for plaintiffs, made, in brief, the following case: Defendant's train started from the depot in Griffin; began running pretty rapidly; when near "Simonton's Crossing" the whistle was blown, and the speed slackened while the train was passing through a "cut;" several witnesses went to the place shortly afterwards and found plaintiffs' horse dead beside the track; the body was still warm and limber, and steam rising from a large cut in the hips; there were tracks of a horse along the railroad; they turned as if to cross it; at this point there were evidences of a scuffle, as if the horse had caught its foot and fallen on the track; there were evidences that the horse had been pushed along the track for a short distance; the wound was bleeding when first found. Horse was worth $125 00 to $150 00.

Evidence for defendant was, in brief, as follows: The train was moving slowly; the engineer blew the whistle at crossing, according to his orders; did not do so after entering cut; it

was a foggy morning; he saw something dark on the track, thought it was a bush; when within about thirty feet, saw it was a horse; it was perfectly dead and stiff; was lying on the embankment with its head downwards and its hips resting against the track; could easily have stopped the train before reaching it, but did not do so, seeing it was dead; the cow-catcher of the engine struck it and threw it from the track; it gave no signs of life; was not dragged by the engine.

Two witnesses for the defense swore that they saw the horse within an hour or an hour and a half after the train had passed; that it was stiff and swollen, having the appearance of having been dead several hours; saw very little blood.

One of the grounds for a new trial was the following newly discovered evidence: 1st. McKay and Fleak, who would testify that they passed the place where the horse was found some three hours before the train which was alleged to have killed it, and that it was then lying by the railroad appearantly dead and stiff. 2d. The testimony of R. O. Jones, who would testify that he saw the horse five or ten minutes after the passage of defendant's train, and that it was stiff and seemed to have been dead for some time. The affidavit of defendant's agent at Griffin in support of this ground stated that he knew nothing of McKay's testimony until after the trial, but that from Fleak he had learned the facts set forth above shortly after the alleged killing of the horse.

Speer & Stewart, for plaintiff in error.

E. W. Hammond, for defendants.

Warner, Chief Justice.

The plaintiffs brought their action against the defendant to recover damages for the alleged killing of a certain brown mare by the careless and negligent running of its trains upon its road. On the trial of the case the jury found a verdict in favor of the plaintiffs for the sum of $100 00. A motion for a new trial was made on various grounds, which was overruled by the court, and the defendants excepted.

1. The main question on the trial was, whether the plaintiffs' mare was killed by the defendant's railroad train or not killed by it, and in relation to that point in the case the evidence was conflicting. The jury, as it was their province to do under the evidence, found a verdict in favor of the plaintiffs, and there is sufficient. evidence in the record to sustain it if they believed the plaintiffs' witnesses, which was a question for them to determine, and not a question for the court to decide.

2. As to the newly discovered evidence, the main fact sought to be proved by it appears to have been known to the defendant's agent before the trial, and by the exercise of proper diligence could have been had at the trial, even if that evidence was not merely cumulative. We find no legal error in overruling the motion for a new trial on the statements of facts disclosed in the record.

Let the judgment of the court below be affirmed.